**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| CHARLES ST. CLAIR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:25-CV-00027 RHH |
| EMILY UNKNOWN, et al., | ) ) ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Charles St. Clair's application to proceed in district court without prepaying fees or costs. [ECF No. 2]. Plaintiff is currently a civil detainee at Fulton Reception and Diagnostic Center in Fulton, Missouri. Based on the financial information provided in the application, the Court finds that plaintiff is unable to pay the filing fee and will waive it. Additionally, for the reasons stated below, the Court will dismiss plaintiff's claim under 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed without prepayment of the filing fee if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

## The Complaint

Self-represented plaintiff Charles St. Clair, a civil detainee currently being held at the Fulton Diagnostic Center in Fulton, Missouri, filed the instant civil rights action on March 13, 2025, against thirteen (13) defendants employed by Pike County Jail in Bowling Green, Missouri. [ECF No. 1]. He sues defendants in their individual and official capacities.

Plaintiff alleges that between August of 2024 and an unspecified time, he was incarcerated at the Pike County Jail. He asserts that windows in the jail let in cold air,[1] that there was mold in the cells and in the shower, and that the shower would not shut off unless the "link was kinked." Plaintiff additionally claims that on one occasion in December of 2024, he found hair and mold on his food tray, the toilets sometimes had puddles under them, and the jail was either too cold or too hot for his liking. Last, plaintiff complains that his bond in his criminal case was too high.

Plaintiff requests that the Court "make Pike County fix the water shower" and get rid of mold in cells and showers and in food." He also seeks punitive damages in an amount of $50,000.

---

[1] The Court is confused by plaintiff's assertion that cold air entered the jail in August of 2024, a time which is generally known to be extremely hot and humid in Missouri.

**Discussion**

Plaintiff has failed to link any of the alleged civil rights violations in this action to the defendants. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms"). Plaintiff's failure to connect any of the thirteen (13) defendants to the events in the complaint is fatal to his claims against them. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).[2] Furthermore, the Court is unable to grant plaintiff's request for injunctive relief when plaintiff is no longer incarcerated at Pike County Jail.[3]

Even if plaintiff had alleged that he told specific defendants about the purported violations to his rights and they failed to remedy the violations, he has not stated a claim for relief for unlawful

---

[2]*See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

[3]*See Walker v. Bowersox*, 526 F.3d 1186, 1189 (8th Cir.2008) (prisoner's request for injunctive relief in § 1983 action for excessive force during a cell transfer was mooted by transfer to another facility).

conditions of confinement under the Fourteenth Amendment.[4] The Fourteenth Amendment's Due Process Clause is used to evaluate a pretrial detainee's claims concerning their conditions of confinement. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). According to the United States Supreme Court, the government may detain defendants prior to trial but the conditions of confinement at the detention facility cannot "amount to punishment, or otherwise violate the Constitution." *Bell*, 441 U.S. at 536-37. In *Bell,* the Supreme Court described two ways to determine whether the conditions rise to the level of punishment. A plaintiff could demonstrate that the conditions of confinement were intentionally punitive. Alternatively, if no intent to punish was expressed, plaintiff could show that the conditions were not reasonably related to a legitimate governmental purpose or were excessive in relation to that purpose. *Id.* at 538-39.

      Plaintiff makes conclusory allegations against the jail relating to mold on the walls and in the shower (and on one occasion in the food), but he fails to articulate how long he was subjected to the conditions or how excessive these conditions were. Although a pro se complaint is liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such pleadings cannot be conclusory, and must set forth facts that, taken as true, state a claim as a matter of law. *Johnson v. Stark*, 717 F.2d 1550, 1552 (8th Cir. 1983). A court will not supply additional facts or create a legal theory assuming facts that have not been pleaded. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

---

[4]Plaintiff has also failed to allege an unlawful custom, policy or failure to train claim because plaintiff alleged no facts in his complaint that would demonstrate the existence of a policy or custom that caused the alleged deprivation of plaintiff's rights. *See, e.g., Mick v. Raines,* 883 F.3d 1075, 1079 (8th Cir. 2018) and *Marsh v. Phelps Cty.,* 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

The Eighth Circuit recently explained that conditions of confinement claims, like exposure to mold or toxic plumbing, "will turn on both the severity of the conditions … and the length of exposure to those conditions." *Cody v. City of St. Louis*, 103 F.4th 523, 531 (8th Cir. 2024). For example, in one case, the appellate court noted that a complained-of condition of confinement "may be tolerable for a few days and intolerably cruel for weeks or months." *Id.* at 532 (quoting *Beaulieu v. Ludeman*, 690 F. 3d 1017, 1045 (8th Cir. 2012)).[5] Additionally, plaintiff fails to allege the requisite personal loss or injury to himself because of these allegations. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). In other words, plaintiff does not allege exactly what harm he suffered because of the purported unlawful conditions of confinement. Thus, the Court finds that plaintiff's conditions of confinement claims do not rise to the level of one amounting to punishment and are therefore subject to dismissal.

Last, plaintiff's claims of excessive bond also fail to establish a claim for relief in this action. Federal courts should not interfere, absent extraordinary circumstances, with a state's "pending judicial processes prior to trial and conviction, even though a prisoner claims he is being held in violation of the Constitution." *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981). Due to this reluctance to interfere, and in the interest of comity between state and federal courts, a plaintiff is required to exhaust state remedies before seeking federal court relief. *See Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979). "The exhaustion requirement is satisfied if the federal issue has

---

[5]In *Thurmond v. Andrews*, the Eighth Circuit stated that "[w]hile prisoners certainly have an Eighth Amendment right to sanitary prison conditions[,] . . . the articulation of this broad right does not answer whether the presence of non-toxic environmental allergens are necessarily violative of this right." 972 F.3d 1007, 1012 (8th Cir. 2020). Although the appellate court did not hold that there can never be a case in which the presence of mold or another environmental allergen may give rise to unsanitary prison conditions that violate inmates' Eighth Amendment rights, it did hold that the definition of the asserted constitutional right embraced by the district court—a right to sanitary prison conditions—was impermissibly broad. *Id.*

been properly presented to the highest state court." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Missouri's Supreme Court Rules allow a person detained and unable to meet the conditions of release to have those conditions "reviewed by the court which imposed them." Mo. S. Ct. R. 33.05. If a court "sets inadequate or excessive conditions," the accused may seek a remedial writ in a higher court. Mo. S. Ct. R. 33.09. This Court may not review the issue of bond until a Missouri higher court has first reviewed the issue. *See* 28 U.S.C. § 2241; *Sacco,* 649 F.2d at 636 (8th Cir. 1981); *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (stating that pretrial petitions "are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him").

There is no indication from the complaint that plaintiff attempted to have his bond conditions reviewed by Missouri's appellate courts pursuant to Missouri's Supreme Court Rules. He has not established any "special circumstances" that would allow him to avoid the exhaustion requirement. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (stating that "exceptions to the exhaustion requirement apply only in extraordinary circumstances" and that the burden is on petitioner to demonstrate such circumstances). The Court declines plaintiff's request to rule upon the constitutionality of his bond before his motions have been decided by the trial court and before he has sought review from the state appellate courts. As such, plaintiff's excessive bond claim will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel [ECF No. 3] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and

Order. Dated this 19th day of March, 2025.

*[signature]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE